UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


JUSTIN LEE HOFFMAN            )
                             )
        vs.                  )        CAUSE NO. 3:09-CV-106 RM
                             )     (Arising from 3:06-CR-00085(01)RM)
                             )
UNITED STATES OF AMERICA      )

OPINION AND ORDER

Following a two-day jury trial, Justin Hoffman was convicted of two counts
of possessing cocaine with the intent to distribute, one count of being a felon in
possession of a firearm, and one count of possessing a firearm in furtherance of
a drug-trafficking crime. The court sentenced Mr. Hoffman to  123 months'
imprisonment, and the court of appeals affirmed Mr. Hoffman's conviction. On
March 13, 2009, he filed this motion to vacate, set aside, or correct his sentence
pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court denies
Mr. Hoffman's petition to vacate his conviction and sentence.


BACKGROUND

The grand jury charged Mr. Hoffman in a six-count indictment with
possessing cocaine in his car with the intent to distribute (Count I), possessing
cocaine in his apartment with the intent to distribute (Count 2), being a felon in
possession of a firearm (Count 3), being a drug user in possession of a firearm
(Count 4), possessing a stolen firearm (Count 5), and possessing a firearm in
furtherance of a drug-trafficking crime (Count 6). Mr. Hoffman entered a guilty

plea on two counts but later withdrew his plea. Mr. Hoffman moved to suppress the evidence recovered from the execution of a search warrant at his residence. The court denied his motion, and Mr. Hoffman proceeded to trial.

The government presented evidence about the narcotics found in Mr. Hoffman's residence and his car. The government's firearm expert, Gerald Woltman, testified that he found a nine-millimeter, semiautomatic, Smith & Wesson handgun with ten live rounds in the magazine in the rear of the closet of a bedroom in Mr. Hoffman's home.

After the close of the government's case, the court dismissed Count 5 related to knowingly possessing a stolen firearm and instructed the jury as to the remaining counts. As to Counts 1 and 2, the court instructed that to sustain the charge of possession of cocaine with intent to distribute, the government must prove that: "[f]irst, the defendant knowingly or intentionally possessed cocaine; and [s]econd, the defendant possessed the cocaine with the intent to deliver it to another person." As to Count 6, the court explained that to sustain the charge of possession of a firearm in furtherance of a drug trafficking crime, the government must prove that: "[f]irst, the defendant committed the crime of of [sic] possession of cocaine with intent to distribute as charged in Counts 1 or 2; and [s]econd, that the defendant knowingly possessed a firearm in furtherance of that crime." Mr. Hoffman didn't object to the court's proposed instructions on Counts 1, 2, or 6. The jury found Mr. Hoffman guilty on four of the five remaining counts, acquitting him on Count 4 related to being a drug user in possession of a firearm.

The court sentenced Mr. Hoffman to 63 months' imprisonment on Counts

1, 2, and 3 and a consecutive 60 months' imprisonment on Count 6, for an aggregate term of 123 months and five years of supervised release. On April 16, Mr. Hoffman appealed, with his trial counsel, H. Jay Stevens, representing him. The only issue raised on appeal was whether the court was correct in denying Mr. Hoffman's motion for a hearing under Franks v. Delaware, 438 U.S. 154 (1978), to suppress the evidence recovered from the execution of the search warrant. *See* United States v. Hoffman, 519 F.3d 672, 675 (7th Cir. 2008). The court of appeals affirmed Mr. Hoffman's conviction. Id. On March 13, 2009, Mr. Hoffman filed his petition to vacate and set aside the conviction on Count 6 of the indictment, claiming that his trial counsel rendered ineffective assistance by failing to object at trial on the basis that the guilty verdict on Count 6 may have rested on either of two predicate offenses, namely Counts 1 or 2, and that the conduct charged in Count 1 was insufficient to sustain a conviction for possessing a firearm in furtherance of a drug-trafficking crime. *Citing* Stromberg v. California, 283 U.S. 359 (1931). Mr. Hoffman requests an evidentiary hearing.

ANALYSIS

"The court may vacate or correct [Mr. Hoffman's] sentence if he can show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack," Hays v. United States, 397 F.3d 564, 566-567 (7th Cir. 2005) (citations and quotations omitted), but such relief is "reserved for extraordinary situations." Id. at 566. Mr. Hoffman contends that

he received ineffective assistance of counsel during his trial, thereby justifying his claim for relief under § 2255.

*Availability of Relief Under Section 2255*

As a threshold matter, the government argues that Mr. Hoffman is procedurally barred from seeking relief under § 2255 because he should have raised his claims relating to his counsel's failure to object to the jury instructions on direct appeal. The government recognizes that Mr. Hoffman may raise ineffective assistance of counsel claims for the first time in a § 2255 petition, but maintains that Mr. Hoffman's ineffective assistance claim rests upon a challenge to the jury instructions themselves, which Mr. Hoffman cannot raise for the first time in a § 2255 petition absent a showing of good cause for and prejudice from the failure to raise the issue on direct appeal.

"[A] district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989). This means that a § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (*accord* United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999)). "Accordingly, a petitioner bringing a § 2255 is barred from raising: (1) issues, raised on direct appeal, absent some showing of new evidence or changed circumstance, (2) non-constitutional issues that could have been, but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct

appeal, absent a showing of cause for 'procedural default' and actual prejudice from the failure to appeal." United States v. Hull, 2006 WL 752481, at *2 (N.D. Ind. Mar. 21, 2006); *see also* Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2003) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for and actual prejudice resulting from the failure to assert it.").

Although Mr. Hoffman claims that he isn't raising a straightforward jury instruction issue, his petition asserts a Stromberg challenge for the first time on collateral review. Mr. Hoffman doesn't demonstrate cause or give any explanation as to why he didn't raise this constitutional issue on direct appeal, so the court could find that this argument has been waived. *See* Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Because Mr. Hoffman couched his claim in terms of ineffective assistance of counsel, however, the court declines to apply the doctrine of procedural default and considers the issues raised in Mr. Hoffman's § 2255 petition. *See* Massaro v. United States, 538 U.S. 500, 503 (2003) ("We hold that an ineffective-assistance-of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); Jones v. United States, 264 F. Supp. 2d 714, 716 (N.D. Ill. 2003) ("The Court in Massaro made clear . . . that ineffective assistance of counsel claims are an exception . . . and may be brought in a collateral proceeding under § 2255."); *see also* United States v. Scott, 2005 WL 1676785 at *3 (N.D. Ind. Jul. 15, 2005) ("Not only may a defendant raise an ineffective assistance claim for the first time in a § 2255 motion, such a claim may also satisfy the 'cause'

component necessary to overcome procedural default of a particular issue.") (*citing* Ferm v. Gramley , 99 F.3d 255, 259 n.4 (7th Cir. 1996)).

*Ineffective Assistance of Counsel Claims*

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. An attorney must not only be present with a criminal defendant at his trial, but must also assist the defendant in a way that ensures the trial is fair. Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish ineffective assistance of counsel, Mr. Hoffman must show that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors the result of the proceeding would have been different. Id. at 687.

Mr. Hoffman must point to specific acts or omissions by his counsel that constitute ineffective assistance, and the court must decide whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). Deficient performance is "measured against an objective standard of reasonableness, under prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (citations omitted). In making this determination, the court considers "the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct . . . ." United States v. Lindsey, 157 F.3d 532, 534-535 (7th Cir. 1998); *see also* Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)

(holding that the court must consider the totality of the evidence before the judge). There is a strong presumption that "any decisions by counsel fall within a wide range of reasonable trial strategies." United States v. Lindsey, 157 F.3d at 534-535.

"Even if counsel's performance was deficient, [Mr. Hoffman] must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 849 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694). To establish prejudice under the second prong, "the unprofessional errors of counsel must be so egregious 'that the trial was rendered unfair and the verdict rendered suspect.'" Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002) (citation omitted).

Mr. Hoffman argues that his trial counsel was ineffective for not objecting to the jury instructions and the government's opening and closing statements related to Count 6. He contends the instructions' language could have misled the jury into convicting Mr. Hoffman on Count 6 by using Count 1 as a predicate offense, even though the conduct charged in Count 1 was insufficient to sustain a conviction for possession of a firearm in furtherance of a drug-trafficking crime. Mr. Hoffman says the firearm that formed the basis of Count 6 was located in the apartment during the execution of the search warrant. Therefore, that firearm couldn't have advanced, promoted, or helped forward the drug trafficking crime charged in Count 1 (the vehicle count), and as such, Count 1 couldn't fulfill the

"in furtherance of" element necessary to sustain a conviction under 18 U.S.C. § 924(c)(1)(9)(A)(i).

In support of his argument, Mr. Hoffman points to both the jury instructions and Assistant United States Attorney Jesse Barrett's opening and closing statements. For example, Mr. Hoffman says that Mr. Barrett argued that the firearm was found within about four feet of the drugs in Mr. Hoffman's apartment, but he then linked the firearm offense in Count 6 to both drug crimes, failing to distinguish between Counts 1 and 2 as the predicate offense for Count 6. Similarly, Mr. Hoffman contends that the indictment and general verdict form were structured to link the firearm offense to either or both drug trafficking crimes. As for the jury instructions, Mr. Hoffman points out that the Count 6 instruction included a disjunctive "or" and may have permitted the jury to predicate Count 6 upon either Counts 1 or 2. He also says that the use of the phrase "that crime" when discussing the offense furthered by the firearm was equally confusing.

Although Mr. Hoffman admits that the jury could have reasonably found that he used the firearm to facilitate the drug trafficking crime charged in Count 2, he maintains that the government could not prove that he possessed the firearm to advance, promote, or help further the crime charged in Count 1 because the firearm wasn't in proximity to or readily accessible from the vehicle at issue in that charge. Based on the alleged lack of evidence to sustain a § 924(c)

conviction using the activities charged in Count 1,[1] Mr. Hoffman claims that the jury's general verdict must be overturned because it rested on unconstitutional grounds.

Mr. Hoffman relies on a line of decisions beginning with <u>Stromberg v. California</u>. 283 U.S. 359 (1931). In that case, the defendant was charged with violating a California statute that prohibited the display of red flags in public places for any one of three purposes in relation to the incitement of anarchistic action. <u>Id.</u> at 363-364. The California appellate court upheld the conviction, noting that although it doubted the constitutionality of the first purpose set forth in the statute, the statute could be saved if that provision was severed. <u>Id.</u> The Supreme Court disagreed, concluding that because the verdict was a general one, it was impossible to say under which clause of the statute the conviction was obtained. <u>Id.</u> at 368. Accordingly, "the necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld." <u>Id.</u> Mr. Hoffman tries to apply this reasoning to his case, arguing that the general verdict rendered against him was impermissible and that his trial counsel should have objected on this basis.

<u>Stromberg</u> doesn't apply to general verdicts that may have been based upon insufficient evidence regarding one of several bases for the verdict. <u>Griffin v. United States</u>, 502 U.S. 46, 59-60 (1991). When there are multiple factual

---

[1] As explained below, the court need not reach the issue of whether the acts underlying Count 1 are insufficient to sustain the Count 6 conviction.

predicates to a charge, one of which is unsupported by the evidence at trial, one generally may conclude that the jury convicted on the factually supported charge. Id. There is a line of cases which deal with the situation where one theory of culpability is flawed while another is sound, but the jury doesn't reveal which theory it adopted. Tenner v. Gilmore, 184 F.3d 608, 611 (7th Cir. 1999). In cases where the flaw is in the proof, as opposed to in the statute itself, the reviewing court should assume that the jury found that the defendant committed the act that the facts support. Id. (explaining that courts assume that juries can distinguish good proof from bad but do not separate good law from bad).

In Griffin, for example, the Court considered a challenge to a conviction based on an indictment that stated that the objectives of a conspiracy were to impede the Internal Revenue Serve in computing taxes and to impede the Drug Enforcement Administration in obtaining forfeitable assets. United States v. Bond, 231 F.3d 1075, 1078 (7th Cir. 2000) (relying on Griffin). Contending that the evidence wasn't sufficient to connect her to the object of the conspiracy involving the DEA, the defendant proposed jury instructions to the effect that she could be convicted only if the jury found she was aware of the object of the conspiracy involving the IRS and requested special interrogatories asking the jury to identify which of the objects of the conspiracy she was found to have had knowledge. Id. The district court denied her requests, and the Court upheld her conviction, concluding that a submission to the jury of a factually inadequate theory doesn't require vacating a conviction that was supported by at least one alternate and adequate theory. Griffin v. United States, 502 U.S. at 59-60. The Court held that

the "refusal to give an instruction removing an insufficiently supported theory from the jury's consideration 'does not provide an independent basis for reversing an otherwise valid conviction.'" United States v. Podhorn, 549 F.3d 552, 561 (7th Cir. 2008) (citing Griffin v. United States, 502 U.S. at 60); see also Irwin v. United States, 55 Fed. Appx. 361, 367 (7th Cir. 2002) (holding that defense counsel's failure to propose a limiting jury instruction did not constitute ineffective assistance of counsel).

As in Griffin, Mr. Hoffman argues that one of the bases of his conviction on Count 6 was unsupported by sufficient evidence. Although Mr. Hoffman contests the sufficiency of Count 1 as a predicate for Count 6, he admits that the jury reasonably could have found that he used the firearm from his apartment in furtherance of the drug trafficking crime charged in Count 2. Therefore, under Griffin, the court must presume that the jury convicted Mr. Hoffman of possessing a firearm in furtherance of a drug trafficking crime based only on Count 2, for which the government presented sufficient evidence. See Irwin v. United States, 55 Fed. Appx. at 367. Mr. Hoffman suggests nothing to counteract this presumption or to challenge the proposition that his § 924(c) conviction rested on the activities charged in Count 2. Stromberg doesn't apply to this case, and defense counsel's decision not to object to the jury instructions or to Mr. Barrett's opening and closing statements on this basis doesn't constitute ineffective assistance.

Mr. Hoffman has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness. Even if his counsel's assistance

were deemed ineffective, Mr. Hoffman hasn't affirmatively established that but for the failure to raise this particular argument the result of the proceedings would have been different. *See* <u>Strickland v. Washington</u>, 466 U.S. at 693-694. Accordingly, Mr. Hoffman's claim that his counsel rendered ineffective assistance at trial stands unsupported, and he cannot meet the threshold requirement for securing an evidentiary hearing on his § 2255 motion. *See* <u>Fuller v. United States</u>, 398 F.3d 644, 652 (7th Cir. 2005).

CONCLUSION

For the reasons stated above, the court DENIES Mr. Hoffman's motion to vacate, set aside, or correct sentence [Doc. No. 73 of Cause No. 3:06cr85 and Doc. No. 1 of Cause No. 3:09cv106].

SO ORDERED.

Entered: <u>May 4, 2009</u>

<u>      /s/ Robert L. Miller, Jr.      </u>
Chief Judge
United States District Court

cc:  J. Hoffman
     J. Barrett